# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 1:10-CR-340** |
| | : | |
| **Respondent,** | : | **(Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **BRIAN WILLIAM WALPOLE,** | : | |
| | : | |
| **Petitioner.** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The *pro se* petitioner in this case is currently serving a 600-month sentence following his conviction for child sexual exploitation offenses. Walpole has a filed Section 2255 petition, (Doc. 115), which was alleges that his counsel was ineffective in failing to secure a favorable plea agreement for Walpole. This motion was referred to the undersigned on December 20, 2018, (Doc. 125), and upon review of the petition and response we note that all parties seem to agree that a hearing would be appropriate to develop the facts surrounding these plea negotiations. (Docs. 115, 124.)

Recognizing that a hearing is appropriate in this case, we also acknowledge that:

Rule 8(c) of the Rules Governing Section 2255 Cases requires that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel ... [as an indigent]. " The appointment of counsel is clearly mandatory for an indigent petitioner. See United States v. Iasiello, 166 F.3d 212, 213–14 (3d Cir.1999) (vacating judgment and remanding to district court where

district court conducted a § 2255 evidentiary hearing without appointing counsel to indigent movant). "[H]arm to [a movant] must be presumed when his statutory right to counsel is thus abridged." Id. at 214.

United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005).

Accordingly, in order to promptly address the merits of this matter which has been referred to the undersigned, IT IS ORDERED as follows:

1. The Federal Public Defender's Office is appointed to represent the petitioner in connection with this proceeding, and the Federal Public Defender may in his discretion assign counsel to this case. **A copy of this order will be served upon the Federal Public Defender's Office.**

2. The Federal Public Defender's Office will contact and consult with the petitioner, review the file, prepare and file a counseled petition addressing the issues in this case on or before **February 8, 2019.**

3. Respondent may then respond to any supplemental counseled petition and motion on or before **March 1, 2019.**

4. Unless all parties agree that a hearing is no longer necessary in this case, an evidentiary hearing will be held in this case on the pending motion to vacate, (Doc. 115), on **March 8, 2019 at 10:00 a.m.** in Courtroom 5, U.S. Courthouse, Harrisburg, Pennsylvania.

So ordered this 27th day of December, 2018.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge